UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTINE RUARK,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON AND MASSACHUSETTS
MUTUAL LIFE INSURANCE COMPANY,

    Defendants.

Civil Action No.: 04-30013-MAP

## ANSWER TO COMPLAINT

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") hereby answers the allegations contained in Plaintiff's Verified Complaint as follows:

### INTRODUCTION

1. Liberty Life makes no response to the paragraph in this section as it merely purports to summarize Plaintiff's claims. To the extent this paragraph requires a response, Liberty Life denies the allegations therein.

### JURISDICTION

2. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations therein.

### PARTIES

3. Liberty Life admits on information and belief the current residence address listed for Plaintiff. Liberty Life also admits that, at certain times, Plaintiff was a participant in a long-term disability policy governed by ERISA. In further responding, this paragraph states conclusions of law to which no response is required.

4. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, except admits so much of this paragraph as alleges that Mass. Mutual initially administered long-term disability benefits under a plan.

5. Liberty Life admits the allegations in paragraph 5 of the Complaint, except denies that it has a usual place of business at 175 Dwight Road, Longmeadow, Massachusetts.

## FACTS

6. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Liberty Life respectfully refers the Court to the administrative record.

7. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Liberty Life respectfully refers the Court to the administrative record, to the extent that the record contains such information.

8. Liberty Life denies the allegations in this paragraph. In further responding, Liberty Life respectfully refers the Court to the administrative record.

9. Liberty Life admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any characterization the Plaintiff makes of those documents.

10. Liberty Life admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any characterization the Plaintiff makes of those documents.

11. Liberty Life admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any characterization the Plaintiff makes of those documents.

12. Liberty Life admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any characterization the Plaintiff makes of those documents.

13. Liberty Life admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any characterization the Plaintiff makes of those documents.

## EDUCATION/WORK HISTORY

14. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Liberty Life denies knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 15.

## ONSET OF DISABILITY AND CONTINUED LTD BENEFITS

16. Liberty Life states that the medical records for Plaintiff and the administrative record for Plaintiff of which they are a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of those documents.

17. Liberty Life states that the letter dated December 6, 1993 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of those documents.

18. Liberty Life states that the letter dated March 5, 1995 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of those documents.

19. Liberty Life states that the letter dated February 9, 1998 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of those documents.

20. Liberty Life states that the letter dated November 12, 1998 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of those documents.

21. Liberty Life states that the letter dated January 27, 1999 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of those documents.

**TERMINATION OF LTD BENEFITS**

22. Liberty Life states that the letter dated June 26, 2000 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

23. Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

24. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Liberty Life respectfully refers the Court to the administrative record.

25. Liberty Life states that the letter dated January 25, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

26. Liberty Life states that the letter dated February 22, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

27. Liberty Life states that the letter dated February 26, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

28. Liberty Life states that the letter dated February 28, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

29. Liberty Life states that the letter dated March 14, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

30. Liberty Life states that the letter dated March 23, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

31. Liberty Life states that the letter dated May 16, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

32. Liberty Life states that the letter dated August 14, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

33. Liberty Life states that the letter dated October 12, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

34. Liberty Life states that the letter dated October 15, 2001 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

35. Liberty Life states that the letter dated May 14, 2003 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life

respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

36. Liberty Life states that the letter dated September 5, 2003 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Liberty Life respectfully refers the Court to the administrative record. Liberty Life denies any characterization the Plaintiff makes of the referenced documents.

37. Liberty Life denies the allegations in this paragraph.

38. Liberty Life denies the allegations in this paragraph.

39. Liberty Life denies the allegations in this paragraph.

40. Liberty Life denies the allegations in this paragraph.

41. Liberty Life denies the allegations in this paragraph.

42. Liberty Life denies the allegations in this paragraph.

43. Liberty Life denies the allegations in this paragraph.

44. Liberty Life denies the allegations in this paragraph.

## CAUSES OF ACTION

### COUNT I

**(ERISA Violation v. Liberty)**

45. Liberty Life restates, realleges and reasserts each and every response to the paragraphs above as if fully set forth herein.

46. Liberty Life denies the allegations in paragraph 46.

### COUNT II

**(ERISA Violation v. Mass. Mutual)**

47. Liberty Life restates, realleges and reasserts each and every response to the paragraphs above as if fully set forth herein.

48. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

## COUNT III

### (Attorney's Fees and Costs v. Liberty)

49. Liberty Life restates, realleges and reasserts each and every response to the paragraphs above as if fully set forth herein.

50. Liberty Life denies the allegations in paragraph 50.

## COUNT IV

### (Attorney's Fees and Costs v. Mass Mutual)

51. Liberty Life restates, realleges and reasserts each and every response to the paragraphs above as if fully set forth herein.

52. Liberty Life denies the allegations in paragraph 52.

53. Liberty Life denies the allegations in paragraph 53.

54. Liberty Life denies the allegations in paragraph 54.

55. Liberty Life denies the allegations in paragraph 55.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies and/or internal appeals procedures.

## THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

## FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

## SIXTH AFFIRMATIVE DEFENSE

Liberty Life has acted, at all times, in good faith, reasonably and justifiably.

## SEVENTH AFFIRMATIVE DEFENSE

Liberty Life reserves the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;
2. Judgment entered on its behalf on all counts;
3. It be awarded its costs and attorney's fees; and
4. The Court award such other relief as may be just and proper.

Respectfully submitted,

                              LIBERTY LIFE ASSURANCE COMPANY
                              OF BOSTON,

                              By their attorneys,

                              /s/
                              Andrew C. Pickett (BBO#549872)
                              Richard W. Paterniti (BBO#645170)
                              JACKSON LEWIS LLP
                              75 Park Plaza
                              Boston, Massachusetts 02116
Dated: March 9, 2004          (617) 367-0025

## CERTIFICATE OF SERVICE

    A copy of the above document was served this _____ day of March, 2004, by first class mail, postage prepaid, on attorney for the Plaintiff, Robert L. Dambrove, Esq., Cooley, Shair, P.C., 1380 Main Street, Springfield, MA 01103.


                              _____
                              Jackson Lewis LLP