UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE RUARK,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No.: 04-30013-MAP |

## ANSWER OF MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY TO PLAINTIFF'S VERIFIED COMPLAINT

Defendant Massachusetts Mutual Life Insurance Company ("Mass Mutual") hereby answers the allegations contained in Plaintiff's Verified Complaint as follows:

### INTRODUCTION

1. Mass Mutual makes no response to the paragraph in this section as it merely purports to summarize Plaintiff's claims. To the extent this paragraph requires a response, Mass Mutual denies the allegations therein.

### JURISDICTION

2. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Mass Mutual denies the allegations therein.

### PARTIES

3. Mass Mutual admits on information and belief the current residence address listed for Plaintiff. In further responding, the second and third sentences of this paragraph state

conclusions of law to which no response is required. To the extent a response is required, Mass Mutual denies the allegations in these sentences.

4. Mass Mutual admits the allegations in sentence one of this paragraph. With regard to sentence two of this paragraph, Mass Mutual admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves.

5. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of this paragraph. Mass Mutual admits the allegations in sentences two and three of this paragraph.

## FACTS

### INSURANCE ENTITLEMENT

6. Mass Mutual admits that the Massachusetts Mutual Life Insurance Company Employee Long Term Disability Plan ("the Plan" or "the policy") became effective on January 1, 1991. Mass Mutual denies the remaining allegations in this paragraph.

7. Mass Mutual admits the allegations in this paragraph, except denies that Plaintiff's employment at Mass Mutual ended on or about April 12, 1993, that she was promoted to Operations Administer on August 1, 1990, and that her duties as a Senior Financial Analyst included coordination and ongoing administration of all Value Analyses performed in the Division.

8. Mass Mutual denies the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

9. Mass Mutual admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Mass Mutual denies any characterization the Plaintiff makes of those documents.

10. Mass Mutual admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Mass Mutual denies any characterization the Plaintiff makes of those documents.

11. Mass Mutual admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Mass Mutual denies any characterization the Plaintiff makes of those documents.

12. Mass Mutual admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Mass Mutual denies any characterization the Plaintiff makes of those documents.

13. Mass Mutual admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Mass Mutual denies any characterization the Plaintiff makes of those documents.

## EDUCATION/WORK HISTORY

14. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Mass Mutual denies knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 15.

## ONSET OF DISABILITY AND CONTINUED LTD BENEFITS

16. Mass Mutual states that the medical records for Plaintiff and the administrative record for Plaintiff of which they are a part speak for themselves. In further responding, Mass Mutual respectfully refers the Court to the administrative record. Mass Mutual denies any characterization the Plaintiff makes of those documents.

17. Mass Mutual states that the letter dated December 6, 1993 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Mass Mutual respectfully refers the Court to the administrative record. Mass Mutual denies any characterization the Plaintiff makes of those documents.

18. Mass Mutual states that the letter dated March 5, 1995 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Mass Mutual respectfully refers the Court to the administrative record. Mass Mutual denies any characterization the Plaintiff makes of those documents.

19. Mass Mutual states that the letter dated February 9, 1998 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Mass Mutual respectfully refers the Court to the administrative record. Mass Mutual denies any characterization the Plaintiff makes of those documents.

20. Mass Mutual states that the letter dated November 12, 1998 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Mass Mutual respectfully refers the Court to the administrative record. Mass Mutual denies any characterization the Plaintiff makes of those documents.

21. Mass Mutual states that the letter dated January 27, 1999 and the administrative record for Plaintiff of which it is a part speak for themselves. In further responding, Mass Mutual respectfully refers the Court to the administrative record. Mass Mutual denies any characterization the Plaintiff makes of those documents.

## TERMINATION OF LTD BENEFITS

22. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

23. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

25. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

26. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

27. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

28. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

29. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

30. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

31. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

32. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

33. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

34. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

35. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

36. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, Mass Mutual respectfully refers the Court to the administrative record.

37. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. Mass Mutual denies the allegations in this paragraph.

44. Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## CAUSES OF ACTION

### COUNT I

**(ERISA Violation v. Liberty)**

45. Mass Mutual restates, realleges and reasserts each and every response to the paragraphs above as if fully set forth herein.

46. Mass Mutual states that the allegations in this paragraph are directed at Liberty Life and, therefore, no response is required by Mass Mutual. To the extent that a response is required, Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

## COUNT II

### (ERISA Violation v. Mass. Mutual)

47. Mass Mutual restates, realleges and reasserts each and every response to the paragraphs above as if fully set forth herein.

48. Mass Mutual denies the allegations in paragraph 48.

## COUNT III

### (Attorney's Fees and Costs v. Liberty)

49. Mass Mutual restates, realleges and reasserts each and every response to the paragraphs above as if fully set forth herein.

50. Mass Mutual states that the allegations in this paragraph are directed at Liberty Life and, therefore, no response is required by Mass Mutual. To the extent that a response is required, Mass Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

## COUNT IV

### (Attorney's Fees and Costs v. Mass Mutual)

51. Mass Mutual restates, realleges and reasserts each and every response to the paragraphs above as if fully set forth herein.

52. Mass Mutual denies the allegations in paragraph 52.

53. Mass Mutual denies the allegations in paragraph 53 that imply the Plaintiff is entitled to an award.

54. Mass Mutual denies the allegations in paragraph 54.

55. Mass Mutual denies the allegations in paragraph 55.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies and/or internal appeals procedures.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Mass Mutual requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

### SIXTH AFFIRMATIVE DEFENSE

Mass Mutual has acted, at all times, in good faith, reasonably and justifiably.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Mass Mutual and over whom Mass Mutual had no authority or control and for whom Mass Mutual is not liable.

### EIGHTH AFFIRMATIVE DEFENSE

Mass Mutual is not the ultimate claims fiduciary and therefore is not a proper party.

### NINTH AFFIRMATIVE DEFENSE

Mass Mutual reserves the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, Mass Mutual prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment entered on its behalf on all counts;

3. It be awarded its costs and attorney's fees; and

4. The Court award such other relief as may be just and proper.

                Respectfully submitted,

                MASS MUTUAL LIFE INSURANCE COMPANY,

                By their attorneys,

                /s/ Richard W. Paterniti
                Andrew C. Pickett (BBO#549872)
                Richard W. Paterniti (BBO#645170)
                JACKSON LEWIS LLP
                75 Park Plaza
                Boston, Massachusetts 02116
Dated: March 17, 2004      (617) 367-0025