UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTINE RUARK,            )
        Plaintiff   )
                            )
                            )
v.                          )     Civil Action No. 04-30013-MAP
                            )
                            )
LIBERTY LIFE ASSURANCE      )
COMPANY OF BOSTON AND       )
MASSACHUSETTS MUTUAL LIFE   )
INSURANCE COMPANY,          )
        Defendants  )

REVISED ORDER REGULATING PROCEEDINGS
(JUDICIAL REVIEW OF OUT-OF-COURT
NONGOVERNMENTAL DECISIONS)
June 16, 2004

NEIMAN, U.S.M.J.

The court hereby schedules a case management conference for October 28, 2004, at 2:00 p.m. in Courtroom II before District Judge Michael A. Ponsor, at which time the parties' motions and responses to the instant order will be addressed.

A.  Judicial Review of Private Decisionmaking

This case involves judicial review of an out-of-court decision of a nongovernmental decision-maker.  That decision concerned a claim for benefits under an employee benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  Christine Ruark ("Plaintiff") has invoked 29 U.S.C. § 1132 under which a civil action may be brought by a participant or beneficiary to recover benefits due and to enforce rights under the terms of a plan.

B. <u>The Record for Judicial Review</u>

Ordinarily the focal point of a court's judicial review of an out-of-court decision is the record on which that decision was made. *Recupero v. New England Tel. & Tel. Co.*, 118 F.3d 820, 833-34 (1st Cir. 1997). *Cf. Sierra Club v. Marsh*, 976 F.2d 763, 769 (1st Cir. 1992) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) with respect to judicial review of governmental decisionmaking on an "administrative record"). If the out-of-court decision was properly made, the record for judicial review is ordinarily available to one or more of the parties before the court.

Liberty Life Assurance Company of Boston and Massachusetts Mutual Life Insurance Company ("Defendants") shall provide a copy of the proposed record for judicial review to Plaintiff by July 15, 2004. If Plaintiff claims that the record is incomplete or inaccurate in any way, she shall so notify Defendants by July 29, 2004. If no such notice is provided, then Defendants shall file with the court each of the documents served on Plaintiff entitled "Agreed Record for Judicial Review." If Plaintiff does provide such notice to Defendants by July 29, 2004, the parties must confer by August 13, 2004, and attempt to ascertain an agreed record. If the parties come to an agreement, they are to promptly file an "Agreed Record for Judicial Review."

If the parties cannot agree upon the record, they shall file by August 23, 2004, a document entitled Partial Record for Judicial Review which contains the particular record upon which the parties agree. Then, by August 30, 2004, the parties shall file motions concerning any additional material they seek to have added to the record for judicial review, to which oppositions shall be filed by September 27, 2004.

C.  <u>Scope of the Court's Jurisdiction</u>

By August 13, 2004, the parties shall confer regarding the applicable scope of judicial review. If the parties disagree about the scope of the court's review, each party shall file with the court a memorandum of no more than seven pages double-spaced by August 30, 2004.

D.  <u>Proposed Discovery About the Record or for Other Purposes</u>

If any party proposes that it is entitled to any further discovery or disclosure for the purpose of obtaining access to evidence that it might offer, at trial or in some other way, to supplement the record, it must file with the court by August 30, 2004, a submission showing cause for being allowed such discovery. Such submission shall be in the form of a memorandum of law of no more than five pages double spaced. The court expects the memorandum to address with a significant degree of particularity what discovery or disclosure is sought and why reason exists to expect that the discovery would be properly received to constitute or supplement the record, or for some other purpose, and how the proffered evidence would be material to the disposition of this action.

Again, a conference is scheduled for 2:00 p.m., October 28, 2004, to consider each of the matters identified herein.

IT IS SO ORDERED.

DATED:  June 16, 2004

                                                                                                                                                                             /s/ Kenneth P. Neiman
                                                                    KENNETH P. NEIMAN
                                                                    U.S. Magistrate Judge